ELISHA PACKARD *vs.* THE FIRST UNIVERSALIST SOCIETY IN THE TOWN OF QUINCY.

A parish treasurer who has accepted a draft on him, drawn by the standing committee, payable to A. or order, has no authority to bind the parish by accepting A.'s draft on him, in favor of a third person, for part of the amount of the first draft, though the amount of the second draft is indorsed on the first, as part payment thereof.

ASSUMPSIT on the following order: " Quincy, April 14th 1843. To the treasurer of the First Universalist Society in Quincy. Sir : Please pay Elisha Packard fifty dollars on demand, and charge the same to my order. John Gregory." On the back of this order was written, " April 14th 1843. Accepted by Thomas H. Plummer, treasurer of 1st Universalist Society, Quincy." There was also, in the plaintiff 's declaration, a count for money had and received.

At the trial in the court of common pleas, before *Washburn,* J. the plaintiff introduced evidence tending to show that there was a religious society in Quincy, incorporated by *St.* 1833, *c.* 108, by the name given to the defendants in the plaintiff 's writ ; that at the annual meeting of said society in 1842, Thos. Arey, Joshua Jones and George Marsh were chosen standing committee, and were authorized, by vote of

the society, to hire the Rev. John Gregory, (who had previously been employed as their clergyman,) at the rate of $600, for the year then ensuing; that said Gregory, during the year then ensuing, officiated as the clergyman of said society; and that said committee, at the expiration of said year, settled with him, and paid him a part of his salary in money, and gave him for the balance an order on the treasurer, dated April 6th 1843, signed by all the members of said committee, requesting him to "pay John Gregory, or order, the sum of $354·50, on demand, it being the amount of his salary unpaid April 4th 1843 : " That the said treasurer wrote, on the face of this order, as follows : "April 7th 1843. Accepted. Thomas H. Plummer, treasurer of the First Universalist Society in Quincy : " That said Gregory, on receiving this order, gave to the committee a receipt in full for the year's salary aforesaid; and that he, while holding said order, drew the order on which this suit is brought; that the treasurer accepted it, by the writing thereon above set forth; and that the amount thereof was indorsed on the order aforesaid, given to him by said committee.

The defendants denied the authority of their treasurer to charge them by accepting said order in favor of the plaintiff; and the facts above stated, and the 5th and 6th articles of the by-laws of the defendants, constituted all the evidence given by the plaintiff of said treasurer's authority to accept said order. These by-laws were as follows: " Art. 5th. The treasurer shall be the collector of the society. He shall pay the minister's salary, and all accounts against the society, when properly approved of by the committee; provided he has money in his hands belonging to the society. Art. 6th. The standing committee shall attend to the secular concerns of the society generally, and examine all accounts against the society, before authorizing the payment by the treasurer, and, if found correct, approve the same."

There was no evidence that the treasurer had any money in his hands when he accepted the first or the second of said

orders, nor that the standing committee knew or approved of his accepting the order now in suit.

The judge instructed the jury that the evidence did not show a sufficient authority in the treasurer to charge the defendants by his acceptance of the order in suit, and a verdict was returned for the defendants. The plaintiff alleged exceptions to said instruction.

*Gourgas*, for the plaintiff.

*J. J. Clarke*, for the defendants.

DEWEY, J. In the view that we have taken of this case, it is unnecessary to consider the effect of the acceptance, by the treasurer of the parish, of the order for $354, drawn upon him by the standing committee. If the committee were authorized, as agents of the parish, to draw the order, the order itself is good evidence that the parish was indebted to Mr. Gregory, in whose favor it was drawn. Assuming this order to have been legally drawn, and, with or without the acceptance by the treasurer, to have created a liability thereon, on the part of the parish, the further inquiry is, whether the order drawn by Gregory upon the treasurer of the parish, and accepted by his writing on the back thereof, is binding upon the defendants, and subjects them to an action in favor of the payee. As to this order, it will be observed that there was no action by the committee ; no agency is assumed by them in the drawing or accepting of it. Taking the case most strongly for the plaintiff, the legal liability, if any exists, arises wholly upon the acts of Gregory as the drawer, and the treasurer as acceptor, with the further fact, that Gregory was, at the time, a creditor of the parish for a sum larger than the amount of his order drawn upon the treasurer. The real question seems therefore to be, whether it is competent for the treasurer of a parish, by virtue of his office as treasurer, to accept drafts drawn on him by a creditor of the parish, for a portion of the debt due to such creditor, and create thereby a new indebtedness to another individual. It may be remarked that the plaintiff's case is not aided by any authority conferred upon the treasurer, beyond what results

from the office itself, by the by-laws of the parish. They are put into the case ; but their tendency is rather to deny than confer this power upon the treasurer, as they give the management of the secular concerns of the parish to the standing committee, who seem to be the accredited and authorized agents of the parish, to act in their pecuniary matters.

To establish the authority of the treasurer of a corporation to bind the corporation by executing promissory notes, accepting drafts, &c., the plaintiff has referred us to the cases of *Narragansett Bank* v. *Atlantic Silk Company*, 3 Met. 282, and *Bates* v. *Keith Iron Company*, 7 Met. 224. But these were cases of trading and manufacturing corporations, and they furnish no analogy for cases of parishes or religious societies. There is nothing in the nature of the business to be done, or the duties which devolve upon the treasurer of such corporations, that can require or justify the giving of negotiable instruments binding the society, without being authorized by a special vote to that effect. *Webber* v. *Williams College*, 23 Pick. 302. The case of *Hayward* v. *Pilgrim Society*, 21 Pick. 270, was rather the case of a promise by the society itself acting through its trustees, and not, as in the case before us, the mere act of the treasurer of the corporation.

But in the present case, there is an objection beyond that of accepting a draft from a creditor of the parish in favor of a third person, for a preëxisting demand. The treasurer has accepted a draft from a creditor of the parish for a part of his demand, and thus increased the number of creditors and the nature of the liabilities, and subjected the parish to inconveniences, and, it may be, to costs and charges beyond what would have attached to an indebtedness to Gregory alone. It is a strong and decisive objection to the right of the plaintiff to recover, that the act of the treasurer, upon which he relies as the foundation of his title or right to recover, did so far vary the liability of the parish to Gregory, as to subject it to distinct demands of several persons, when the debt to him

was one and entire. This the treasurer could not do, without special authority from the parish, or through some authorized agents clothed with full power to manage their pecuniary concerns.

It was suggested that, if the contract by the treasurer was not valid, yet, under the count for money had and received, the plaintiff might well maintain his action, but such position is entirely untenable. The right to recover on the count for money had and received must depend upon first establishing the legal liability on the acceptance by the treasurer.

*Exceptions overruled.*